22-6566
*Balasegarathum v. Garland*

BIA
A205 710 146

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of January, two thousand twenty-five.

PRESENT:
JOSÉ A. CABRANES,
RICHARD J. SULLIVAN,
EUNICE C. LEE,
*Circuit Judges.*

_____

PIRASATH BALASEGARATHUM,
*Petitioner*,

v.                                                          22-6566
                                                            NAC

MERRICK B. GARLAND, UNITED
STATES ATTORNEY GENERAL,
*Respondent*.

_____

**FOR PETITIONER:**           Visuvanathan Rudrakumaran, Law Office of Visuvanathan Rudrakumaran, New York, NY.

**FOR RESPONDENT:**           Brian Boynton, Principal Deputy Assistant Attorney General; Sabatino F. Leo, Assistant Director; Corey L. Farrell, Senior Litigation Counsel, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Pirasath Balasegarathum, a native and citizen of Sri Lanka, seeks review of a decision of the BIA denying his motion to reopen his removal proceedings. *In re Pirasath Balasegarathum*, No. A205 710 146 (B.I.A. Nov. 18, 2022). We assume the parties' familiarity with the underlying facts and procedural history.

We review the BIA's denial of a motion to reopen for abuse of discretion and any findings regarding changed country conditions for substantial evidence. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 168–69 (2d Cir. 2008). A noncitizen who has been ordered removed may file a motion to reopen proceedings within 90 days of the date on which the final order of removal was entered. 8 U.S.C.

§ 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2). However this time limit does not apply if the motion "is based on changed country conditions arising in the country of nationality or the country to which removal has been ordered, if such evidence is material and was not available and would not have been discovered or presented at the previous proceeding." 8 U.S.C. § 1229a(c)(7)(C)(ii); *see also* 8 C.F.R. § 1003.2(c)(3)(ii).

In reviewing a motion to reopen based on changed country conditions, "the BIA must 'compare the evidence of country conditions submitted with the motion to those that existed at the time of the merits hearing below.'" *Tanusantoso v. Barr*, 962 F.3d 694, 698 (2d Cir. 2020) (quoting *In re S-Y-G-*, 24 I. & N. Dec. 247, 253 (B.I.A. 2007)). Further, if the movant's "persecution claim was previously denied based on an adverse credibility finding in the underlying proceedings, the [movant] must either overcome the prior determination or show that the new claim is independent of the evidence that was found to be not credible." *Matter of F-S-N-*, 28 I. & N. Dec. 1, 3 (B.I.A. 2020); *see also Kaur v. BIA*, 413 F.3d 232, 234 (2d Cir. 2005).

Here, Balasegarathum's 2020 motion to reopen was untimely because he filed it three years after his removal order became final in 2017, well past the 90-day deadline. *See* 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2).

3

Nonetheless, Balasegarathum asserted in his motion that conditions in Sri Lanka had materially changed after elections in 2019, such that his fear of persecution as a Tamil and failed asylum seeker is well-founded. Balasegarathum also submitted evidence to overcome the agency's prior determination that he was not credible as to his claim that he was at risk of persecution on account of his suspected ties to the Liberation Tigers of Tamil Eelam ("LTTE"), a terrorist organization designated as such by the United States.

Upon our review of the record, we find substantial evidence supports the BIA's conclusion that Balasegarathum failed to show a change in country conditions in support of his motion to reopen. The BIA reasonably found that Balasegarathum's evidence showed that, after the 2019 elections in Sri Lanka, a repressive political regime returned to power and there were fears that conditions would deteriorate for Tamils; but his supporting evidence did not show a material change in conditions for Tamils since Balasegarathum's hearing in 2015. *See* 8 U.S.C. § 1229a(c)(7)(C)(ii); *see also Tanusantoso*, 962 F.3d at 698. The BIA also reasonably found that Balasegarathum had not shown a material change in conditions for failed asylum seekers in Sri Lanka because the evidence he submitted on that point was from 2010. And, insofar as he submitted statements

4

from his family asserting that the Sri Lankan army had come looking for him in 2020, the BIA did not err in declining to credit those statements given that the authors were interested parties and were not be subject to cross-examination. *See Y.C. v. Holder*, 741 F.3d 324, 334 (2d Cir. 2013) ("We defer to the agency's determination of the weight afforded to a[] [movant]'s documentary evidence.").

Because Balasegarathum failed to demonstrate a material change in conditions in Sri Lanka, the BIA did not abuse its discretion in denying his untimely motion to reopen. For this reason, we need not address whether the BIA erred in finding that Balasegarathum also failed to overcome the agency's prior adverse credibility determination.

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court